IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                No. CIV 09-1091 JB/LAM
                                    No. CR 04-1208 JB

DOMINIC JACQUEZ,

        Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Dominic Jacquez' amended *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Doc. 4*[2]) (hereinafter "*Motion*") filed on December 7, 2009.[3] On February 8, 2010, Plaintiff/Repsondent (hereinafter "the Government") filed *United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* (*Doc. 9*) (hereinafter "*Response*"). Mr. Jacquez filed no reply, and the time for doing so has passed.

The Honorable James O. Browning, United States District Judge, referred the claims raised in the *Motion* (*Doc. 4*) to the undersigned magistrate judge for proposed findings and a

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-09-0339.

[3] The amended *Motion* (*Doc. 4*) appears to be the same as the original motion (*Doc. 1*) except that the amended version is signed by Mr. Jacquez, while the original is unsigned.

recommended disposition, and a hearing, if necessary. ***Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings*** (*Doc. 2*).  Having considered the parties' submissions, the relevant law, and the records in this case and in Mr. Jacquez' underlying criminal case contained in Case No. CR-04-1208, the undersigned, for the reasons set forth below, recommends that:

**(1)** the claim raised in Mr. Jacquez' *Motion* (*Doc. 4*) be **DENIED**;

**(2)** and this case be **DISMISSED with prejudice.**

### Factual and Procedural Background

The facts giving rise to this Motion are outlined neatly in the Tenth Circuit's denial of Mr. Jacquez' direct appeal.

> On April 8, 2004, a confidential informant reported to Deputy Connie Johnston, a member of the San Juan County, Sheriff's Department, that someone had driven a black Cadillac Escalade away from a local residence known to be associated with drug activity. The tipster also provided the deputy with the license plate number of the vehicle. Deputy Johnston's search of a database revealed that the vehicle was registered to an individual named Tommy Largo. Deputy Johnston relayed this information to fellow deputy Brian Dennis. She did not provide Deputy Dennis with Tommy Largo's date of birth or a physical description of him.
>
> Later that day, Deputy Dennis, who had never encountered Tommy Largo and had no identifying information for him, observed the black Escalade parked at a gas station in Farmington, New Mexico. An unidentified male stood near the vehicle, pumping gas. Deputy Dennis confirmed that the license plate on the vehicle matched the number Deputy Johnston had given him. Then, using a computer in his cruiser, he entered the name Tommy Largo into a database and ascertained that there was an outstanding warrant for the arrest of an individual named Tommy Largo.
>
> Deputy Dennis pulled the Escalade over shortly after it exited the gas station. Unbeknownst to Deputy Dennis, the vehicle had two occupants, neither of whom was Tommy Largo. In fact, Mr. Jacquez

was driving the Escalade, and a woman named Veronica Gallegos occupied the passenger seat. Tommy Largo, the registered owner of the vehicle, was an elderly man who had no outstanding warrants for his arrest. The Tommy Largo for whom the warrant was issued was considerably younger than the owner of the vehicle and had no association with the vehicle or its occupants.

After approaching the vehicle, Deputy Dennis asked Mr. Jacquez to produce his driver's license. Mr. Jacquez handed Deputy Dennis an identification card, stating that he had a driver's license but could not find it. Mr. Jacquez also admitted that he did not own the vehicle; he reported that he had borrowed [it] from someone named "Mike" and had only been in possession of it for two hours. He would not, or could not, inform Deputy Dennis of Mike's last name. Three other deputies soon joined Deputy Dennis. Once again using his cruiser's computer, Deputy Dennis learned that Mr. Jacquez's driver's license was suspended and that there were two warrants for his arrest. After verifying the existence of the warrants, Deputy Dennis informed Mr. Jacquez that he was under arrest and placed him in custody.

After being placed under arrest, Mr. Jacquez was handcuffed and searched. Pursuant to the San Juan County Sheriff's written policy, Deputy Dennis ordered the vehicle to be towed. Policy further required that the officers undertake an inventory search of the vehicle prior to towing. In this case, the inventory search revealed a fanny pack that contained two digital scales, some rolled up plastic bags, 83.5 grams of methamphetamine, and documents bearing Mr. Jacquez's name. The officers also found a handgun beneath the driver's seat. At that time, the deputies placed Mr. Jacquez's companion, Ms. Gallegos, under arrest. After being detained at the Farmington Holding Facility, Mr. Jacquez and Ms. Gallegos were released.

On June 1, 2004, a United States Magistrate Judge authorized a federal criminal complaint against Mr. Jacquez, based on Mr. Jacquez's possession of methamphetamine in April of that year. The next day, New Mexico State Police officers arrested Mr. Jacquez at his sister's home, where he had been residing. Mr. Jacquez consented to a search of the home, where officers found several guns, methamphetamine, plastic baggies, and scales.

Following the search, a federal grand jury charged him with the following: three counts of possession with intent to distribute five

>(5) grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of maintaining a place for manufacture, distribution, and use of controlled substances, in violation of 21 U.S.C. § 856(a)(1) and (b). Mr. Jacquez and Ms. Gallegos filed a motion to suppress the evidence found in the Escalade as well as all evidence directly or indirectly derived from that search. In support of the motion, the defendants argued that Deputy Dennis lacked reasonable suspicion to stop the vehicle. After conducting an evidentiary hearing, the district court denied the motion. Mr. Jacquez ultimately entered a conditional plea of guilty, reserving the right to appeal the district court's determination that [] Deputy Dennis's traffic stop did not violate his Fourth Amendment right to be free from unreasonable seizures.

*United States v. Jacquez*, No. 06-2026, 284 Fed. Appx. 544, 545–46 2008 WL 2694060 at *1–2 (10th Cir. July 9, 2008) (unpublished).

The Tenth Circuit affirmed the District Court's ruling that the deputy had reasonable suspicion to stop the Escalade because he reasonably believed that the person driving the vehicle had an outstanding warrant. *Id.* at 545. Mr. Jacquez filed the instant motion for habeas corpus relief on December 7, 2009 and requests that "his conviction be vacated, set-aside, and held for naught." ***Motion*** (*Doc. 4*) at 14.

### Discussion

In order to be successful with his ***Motion***, Mr. Jacquez must show any of the following: (1) that his sentence violates the "Constitution or laws of the United States," (2) that the sentencing "court was without jurisdiction to impose such a sentence," (3) that "the sentence was in excess of the maximum authorized by law," or (4) that his sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001). If the Court finds that any of these circumstances exists, the Court must vacate the underlying judgment and set

it aside, and either grant a new trial, correct the sentence, or release Mr. Jacquez.  *See* 28 U.S.C. § 2255.

Mr. Jacquez asserts that his attorney's assistance was constitutionally ineffective for "failing to properly research the law pertaining to traffic stops . . . to gain suppression of the fruits of the illegal searches" resulting from his April 8, 2004 traffic stop.  **Motion** (*Doc. 4*) at 5.  To prevail on his ineffective assistance of counsel claim, Mr. Jacquez must show facts that satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, he must show that his counsel's performance "fell below an objective standard of reasonableness."  *Id.* at 688.  Second, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."  *Id.* at 700; *see Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).  Courts begin with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) (quoting *Strickland*, 446 U.S. at 689).  Furthermore, where a defendant contends that his counsel was ineffective for failing to competently litigate a Fourth Amendment claim, he "must also prove that [1] his Fourth Amendment claim is meritorious and that [2] there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (applying *Strickland*).

Here, Mr. Jacquez fails to show that his counsel's performance fell below an objective standard of reasonableness. Mr. Jacquez asserts that the "legal principles" in certain Supreme Court cases support his position that the initial stop was unlawful, and he further asserts that his trial

counsel was "clearly negligent by not using the theories therein to gain suppression of the fruits of the illegal searches." **Motion** (*Doc. 4*) at 5, citing *Florida v. Thomas*, 532 U.S. 774 (2001); *Arizona v. Johnson*, ___ U.S. ___, 129 S.Ct. 781 (2009); *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009); and *Brendlin v. California*, 551 U.S. 249 (2007)). All but one of these decisions, however, post-date the trial attorney's suppression motion, which was filed on September 14, 2004. *See* ***Motion to Suppress Illegally Gathered Evidence*** (*Doc. 33*), filed in Case No. CR-04-1208. Ineffective assistance claims fail "where a defendant faults his former counsel . . . for failing to predict future law[;] . . . clairvoyance is not a required attribute of effective representation." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (internal quotation marks and citations omitted). In addition, none of the legal principles in these cases would have helped Mr. Jacquez' defense because these cases address the limits of searches incident to valid stops and arrests, while the evidence used against Mr. Jacquez was gathered in an inventory search and in a search of Mr. Jacquez' home based on his consent. *See Thomas*, 532 U.S. at 776 (discussing the issue of a vehicle search incident to the arrest of its occupant); *Johnson*, 129 S. Ct. at 784 (holding that in a traffic-stop setting, just as in an on-the-street setting, a patdown is justified only when the law enforcement officer has a reasonable suspicion that the person is armed and dangerous); *Gant*, 129 S. Ct. at 1723 ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest."); *Brendlin*, 551 U.S. at 263 (for purposes of the Fourth Amendment, passengers in motor vehicles are seized from the moment the car is pulled over by law enforcement and, therefore, are entitled to challenge the validity of the stop); *see also United States v. Edwards*, 242 F.3d 928, 937-39 (10th Cir. 2001) (explaining the

different standards required for searches incident to arrest and inventory searches); and *United States v. Pena-Sarabia*, 297 F.3d 983, 986-87 (10th Cir. 2002) (upholding district court's denial of a motion to suppress because the evidence was gathered pursuant to a voluntary consent to search a home). Mr Jacquez fails to explain how these cases would support suppression of the evidence used against him and, therefore, the Court finds that Mr. Jacquez' counsel's performance did not fall below an objective standard of reasonableness for failing to use these four cases in his defense.[4] Because the Court finds that Mr. Jacquez' counsel's performance did not fall below an objective standard of reasonableness, Mr. Jacquez' ineffective assistance of counsel claim fails and Mr. Jacquez' *Motion* should be denied.

### Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

(**1**) the claims raised in Mr. Jacquez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Doc. 4*) be **DENIED**; and

(**2**) all other claims and Case No. CIV-09-0339 be **DISMISSED with prejudice.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]The Court notes that Mr. Jacquez' contention that the information provided to the officer by the confidential informant "did not provide 'probable cause'" to stop the vehicle Mr. Jacquez was driving is based on the wrong standard because the officer only needed *reasonable suspicion* to stop the vehicle. *See United States v. Pena-Montes*, 589 F.3d 1048, 1052 (10th Cir. 2009) ("an officer need only reasonably suspect that a crime is in the offing to justify a traffic stop and detention," and "reasonable suspicion arises when an officer of reasonable caution has a particularized and objective basis for suspecting the person stopped of criminal activity"). Both the trial court, after an evidentiary hearing and oral arguments, and the Tenth Circuit expressly held that this claim is not meritorious. ***Memorandum Opinion and Order*** (*Doc. 122*) at 1, 15, filed in Case No. CR-04-1208 (holding that the initial traffic stop was valid because it was based on reasonable suspicion); *Jacquez*, 284 Fed. Appx. at 545 (same).